Richard E. Donahoo, State Bar No. 186957
Thomas J. Welch, State Bar No. 242065
**DONAHOO & ASSOCIATES**
505 North Tustin Avenue, Suite 160
Santa Ana, California 92705
Telephone: (714) 953-1010
Facsimile: (714) 953-1777
rdonahoo@donahoo.com
twelch@donahoo.com

Juan D. Garcia, State Bar No. 215980
Robert Phan, State Bar No. 217283
**GARCIA & PHAN**
17011 Beach Boulevard, Suite 900
Huntington Beach, California 92647
Telephone: (714) 375-6638
Facsimile: (714) 677-4055
jgarcia44law@hotmail.com

Attorneys for Plaintiffs ROBERT C. ALMOND, DAVID V. DIAZ, JEAN MORRIS, and MARK PEREZ

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ROBERT C. ALMOND, DAVID V. DIAZ, JEAN C. MORRIS, and MARK PEREZ on their own behalf, and as class action representatives of all those similarly situated, and in the interest of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PIPE COMPANY, an Oregon corporation, and DOES 1 through 100,<br>Defendants. | Case No.: EDCV 07-00198 SGL (JCRx)<br><br>**PLAINTIFFS' MOTION FOR ORDER SETTING ATTORNEYS' FEES AND COSTS PURSUANT TO SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[Declarations of Richard E. Donahoo and Juan D. Garcia and proposed order filed concurrently herewith]<br><br>[Settlement Agreement to be filed under seal]<br><br>Date: September 15, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Stephen G. Larson<br>Courtroom: 1<br><br>Complaint Filed: January 11, 2007 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      Plaintiffs Robert C. Almond, et al. ("Plaintiffs"), by and through their attorneys of record, Donahoo & Associates and Garcia & Phan, hereby move for an order setting plaintiffs' reasonable attorneys' fees and costs pursuant to a settlement of this matter in which Defendant Northwest Pipe Co. ("Defendant") agreed to pay plaintiffs' attorneys' fees and costs, subject only to the amount to be determined by this Court. Plaintiffs move this Court for an order awarding plaintiffs' counsel Donahoo & Associates $198,553.93 in attorneys' fees and $9,014.37 in costs, and awarding plaintiffs' counsel Garcia & Phan $33,735.00 in attorneys' fees.

      Plaintiffs' motion is supported by the attached memorandum of points and authorities, the billing and cost records of plaintiffs' attorneys' and the declarations of plaintiffs' counsel Richard E. Donahoo and Juan D. Garcia.

Dated: August 5, 2008

Respectfully Submitted:

**DONAHOO & ASSOCIATES**
**GARCIA & PHAN**

By: _____
Richard E. Donahoo
Counsel for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION / SUMMARY OF ARGUMENT

This wage and hour action was filed January 11, 2007, in San Bernardino Superior Court on behalf of three Plaintiffs, Robert C. Almond, David V. Diaz, and Jean C. Morris. The plaintiffs alleged violations of California's meal and rest break law (*Labor Code* § 226.7) and pled the action as a class action.

On February 20, 2007, Defendant removed the case to this Court pursuant to a claim of diversity jurisdiction (28 U.S.C. § 1332(a)) and jurisdiction under the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)(2)(A)).

In March and April, 2007 the parties litigated the issue of whether payments under Labor Code § 226.7 constituted "wages" or "penalties". This Court denied defendants' motion to dismiss and motion to strike. Subsequently, the California Supreme Court decided *Murphy v. Kenneth Cole*, 40 Cal. 4th 1094 (2007), holding that such payments constituted wages under California law.

After the parties failed to reach agreement on a stipulation, plaintiffs filed a motion to amend the complaint. Defendant did not oppose the motion. On July 24, 2007 plaintiffs adding an additional plaintiff, Mark Perez, and adding claims for non-payment of overtime. The case was vigorously defended by two law firms. The parties litigated multiple law and motion disputes and *ex parte* applications, including:

- whether payments under Labor Code § 226.7 constitute "wages" or "penalties" under California law;
- whether plaintiffs' in a wage and overtime case could pursue claims for punitive damages and unjust enrichment; and
- whether defendant should produced names and addresses of other employees as percipient witnesses;

The parties engaged in significant written and document discovery, including interrogatories and document productions to and from each of the four

PLAINTIFFS' MOTION FOR ORDER SETTING ATTORNEYS' FEES AND COSTS PURSUANT TO SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES;

plaintiffs and defendant. The parties took depositions of defendant's corporate representative and of the four plaintiffs. Plaintiffs filed a motion to compel contact information of percipient witnesses identified as defendant's current and former employees who were putative class members.

On March 31, 2008, the Court denied plaintiffs relief from Local Rule 23-3, which requires that a motion for class certification be filed within ninety (90) days of service of the complaint. Given the denial of plaintiffs' motion for relief from the Local Rule, the Court ruled the matter would not proceed as a class action.

At the scheduling conference April 7, 2008, plaintiffs requested the Court remand the plaintiffs' individual claims to state court and to dismiss the class claims. The Court inquired of defendant as to whether it would stipulate that plaintiffs' individual claims did not exceed $75,000 each. Defense counsel declined to stipulate. Plaintiffs thereafter filed a motion for remand and provided details as to the maximum amount of each individual claims. The aggregate did not exceed $75,000 for any plaintiff. In its opposition to remand, defendant did not dispute the calculation of the plaintiffs' claims, but argued the matter should not be remanded, irrespective of the amount of the claim. On April, 7, 2008 the Court continued the hearing on plaintiffs' motion for remand in anticipation of the parties' participation in private mediation.

On June 2, 2008, the parties participated in a mediation at IVAMS with Judge William McVittie (Ret.) presiding. The parties settled all of the plaintiffs' individual claims, subject only to this Court's setting of the amount of plaintiffs' attorney fees and costs. Defendant agreed to pay the amount as set by the Court.

By the instant motion, plaintiffs seek an order setting plaintiffs attorneys' fees and costs to be paid by defendant as part of the settlement.

## II. PLAINTIFFS SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS IN THE AMOUNTS REQUESTED

### A. Plaintiffs' Prevailed in Their Claims

Plaintiffs brought valid claims for meal period violations and unpaid overtime. Discovery, including the deposition of defendant's corporate designee established:

- Defendant's human resource manager confirmed that all four named Plaintiffs were subject to common company wage and payroll policies and treated in the same manner as all California employees (See deposition of Mary Patterson *previously submitted* in support of Plaintiffs' motion to compel contact information of percipient witnesses (*Doc No. 48*) p. 229 ln. 12 to p. 230 ln. 20 and p. 234 lns. 11-21, ("Patterson Depo."), attached to previously filed declaration of Richard E. Donahoo (*Doc. No. 48*) as Exh. "I");
- All employees were required to "punch-in" and "punch-out" at the beginning and ending of their shift (See Company handbook attached to Donahoo Decl. (*Doc. No. 48*) as Exh. "J"; See also Patterson Depo., p. 246, lns. 5 to 13, attached to Donahoo Decl. as Exh. "I"; See also exemplar timecards of Robert Almond, David Diaz, Jean Morris and Mark Perez attached to Donahoo Decl. as Exh. "K");
- Despite the use of the punch clock, hours were *manually* written on the time card to record hours of work on a customer job or "project" (See Patterson Depo., p.151, lns.1-19, attached to Donahoo Decl. (*Doc. No. 48*) as Exh. "I"; Exemplar timecards of Robert Almond, David Diaz, Jean Morris and Mark Perez attached to Donahoo Decl. as Exh. "K");
- The only hours entered into the payroll system for payment to employees are the *manual* hours approved by the supervisor for the specific project, not the hours reflected on the punch times (See Patterson Depo., p.151 lns.1-19, Donahoo Decl. as Exh. "I");

- The hours between the manual entries and punch clock may be different. Only the *manual* entries approved by the supervisor are paid, irrespective of the punched time (*Id.;* See also exemplar timecards of Robert Almond, David Diaz, Jean Morris and Mark Perez attached to Donahoo Decl. as Exh. "K" – compare punch time to manual time);
- Until *after* this lawsuit was filed, NWPC had a practice of not documenting or recording in any way whether any lunch break or rest break was taken by any hourly employee (See Patterson Depo., p.118, ln. 22-25, attached to Donahoo Decl. as Exh. "I");
- Until *after* this lawsuit was filed, NWPC did not have scheduled rest break or meal period times for workers starting work on the 5:00 am shift (See Patterson Depo., p.165, ln. 2 to p. 166 ln 3, attached to Donahoo Decl. as Exh. "I");
- NWPC did not record the actual time when a meal period occurs when a worker's time stops for a workers lunch (See Patterson Depo., p.116, ln.17, p. 117 ln. 16 attached to Donahoo Decl. (*Doc. No. 48*)as Exh. "I");
- Until about two weeks before her January 22, 2008 deposition, NWPC's human resource manager did not know that a second meal period was required to workers working 10 or more hours in a day (See Patterson Depo., p.159, ln. 20 to p. 160, ln. 9, attached to Donahoo Decl. (*Doc. No. 48*) as Exh. I");
- NWPC had a practice of "On Duty Lunches" or "ODL" whereby workers were expected to work through their lunch periods to increase production. The practice has since stopped (See Patterson Depo., p.119, ln. 9 to p. 122 ln. 5, attached to Donahoo Decl. (*Doc. No. 48*) as Exh. "I");

PLAINTIFFS' MOTION FOR ORDER SETTING ATTORNEYS' FEES AND COSTS PURSUANT TO SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES;

- Ms. Patterson, the *on-site* corporate designee and human resource facilities manager, did not know, and therefore cannot testify, as to whether meal and rest breaks were regularly taken (See Patterson Depo., p.204, lns. 7 to 18, attached to Donahoo Decl. as Exh. "I");
- The plant manager and all plant supervisors are compensated in merit pay and in bonuses based on the amount of production that the plant produces (See Patterson Depo., p. 215, ln. 2 to p. 216, ln. 4, attached to Donahoo Decl. (*Doc. No. 48*) as Exh. "I").

Although Plaintiffs were not permitted to proceed on a class wide basis, plaintiff's claims and the discovery undertaken brought exposure of noncompliance and changes benefiting the entire workforce.

### B. Plaintiffs Are Entitled to Reasonable Attorneys' Fees Calculated Via the Lodestar Method

Plaintiffs are entitled to reasonable attorneys' fees and costs based on defendant's agreement to pay them. (See Settlement Agreement). In addition to the agreement, plaintiffs are entitled to attorneys fees under fee-shifting statues Labor Code §§ 218.5 and 1194.

Section 218.5 states, "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court *shall* award reasonable attorney's fees and costs to the prevailing party." This case was brought for noncompliance with meal period and rest break laws, for nonpayment of Labor Code § 226.7 payments, nonpayment of Labor Code § 203 waiting time penalties, nonpayment of overtime (§ 1194) and other relief.

Labor Code 218.5 is a fee shifting statute that permits a prevailing plaintiff to recover fees from a defendant. It is reasonably presumed that the statute's purpose is to encourage counsel to represent employees with meritorious claims and to facilitate the prosecution of valid claims that might otherwise be too small

to justify prosecution, and to ensure that employees received all the benefits of the Labor Code without reduction for attorneys' fees.

As set forth in *Murphy, supra*, Labor Code § 226.7 payments are "wages." Because Labor Code § 218.5 states that a prevailing party can recover fees in any action for "wages" plaintiffs may recover attorneys' fees under § 218.5. Plaintiffs also are entitled to attorneys fees under § 1194, which provides that any employee receiving less than the legal minimum wage or the legal overtime compensation is entitled to the compensation, "including interest thereon, reasonable attorney's fees, and costs of suit." (§1194).

Section 1194 is a one-way attorneys' fee-shifting statute that permits a successful plaintiff in a minimum wage or overtime case to recover fees and costs but does not permit recovery of attorneys' fees for a successful defendant. The purpose of the one-way fee shifting statute, like § 218.5, is to promote enforcement of the Labor Code. (See *Earley v. Superior Court*, (2000) 79 Cal. App. 4th 1420).

Defendant will argue that because plaintiffs were not permitted to proceed as a class, defendant should not be required to pay the attorneys fees incurred. But defendant has *agreed* to pay the attorneys fees incurred subject to a determination of this Court of the reasonable amount.

In the case of fee shifting statutes, the Court must use the lodestar method in determine the appropriate amount of fees. '"The lodestar determination has emerged as the predominate element of the analysis" in determining a reasonable attorney's fee award.'" *Morales v. City of San Rafael, 96 F.3d 359* (9th Cir. 1996), citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales, supra* at 364.

The Court should not lower plaintiffs' attorneys' fees for time spent on unsuccessful claims or motions which plaintiffs did not prevail. All the claims in

this case were closely related and the result obtained reflects the work on all the claims. (Donahoo Decl. ¶¶ 22-25). In such a situation, apportionment of fees and costs is inappropriate. *Graciano v. Robinson-Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140, 158-159 ("Apportionment is not required when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.").

The fact that plaintiffs were not permitted to proceed on a class wide basis did not alter the amount of time and expense involved as the bulk of the work undertaken, including discovery, was in furtherance of plaintiffs' individual claims. (see Declaration of Richard E. Donahoo ("Donahoo Decl") ¶¶ 19-25). The depositions of the plaintiffs were focused on their individual claims and few questions related to class issues. (Donahoo Decl. ¶20). Plaintiffs' counsel repeatedly sought stipulations to streamline the litigation and avoid law and motion. (Donahoo Decl. ¶22-25).

### C. Plaintiffs' Hours Billed and Hourly Rates Are Reasonable

As stated in *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. Cal. 2007), "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.' (citations). Rather, billing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.' *Davis*, 976 F.2d at 1545; see also *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006)."

In setting a fee award, the Court's goal should be to provide counsel with attorney fees roughly comparable to the market rate that would have been negotiated in private bargaining at the commencement of the case. *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131 – 1132; *In re Vitamin Cases* (2003) 110 Cal.

App. 4th 1041, 1052; *Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19 at 47-48.

    Attached to the declarations of plaintiffs' counsel are the tabulations of the fees and costs incurred by plaintiffs' counsel in the prosecution of the action. The amounts are reasonable reflecting the hours worked at customary and market rates in Southern California.

    In addition, Plaintiffs' counsel attempted to mitigate the time and expense necessary in the prosecution of this matter. After defendant filed its initial motion to dismiss, Plaintiffs' counsel sought a stipulation to continue the motion until after the California Supreme Court decided *Murphy* a decision which was imminent. Defendant declined. This compelled the parties to undertake significant time and expense to litigate the issue. The California Supreme Court decided *Murphy* just days after this Court's hearing on Defendant's motion to dismiss, which was denied. (Donahoo Decl. ¶ 22).

    Plaintiffs sought a stipulation to allow an amendment of the complaint without the need for filing a motion to amend. Unable to obtain a stipulation, Plaintiffs filed a motion to amend. Defendant did not oppose the motion. (Donahoo Decl. ¶ 23).

    Once the Court declined to permit the matter to proceed as a class action, Plaintiffs sought a stipulation to allow the individual claims to be remanded to state court. At the hearing on April 7, 2008 Plaintiffs' counsel informed the Court that plaintiffs sought to remand. The Court inquired if defendant would stipulate to remand the case to state court. Defendant declined this Court's offer to stipulate that plaintiff's individual claims were each less than $75,000. Unable to obtain a stipulation, plaintiffs filed a motion for remand, which defendant opposed. (Donahoo Decl. ¶ 24).

    Each of these legal issues which necessitated contest law and motion matters were issues that involved Plaintiffs' individual claims. (Donahoo Decl. ¶25).

Plaintiffs' counsel, Richard E. Donahoo, is an experienced litigator, specializing in labor and employment law. He has significant trial experience in labor and employment cases and has been counsel in a number of significant trials and appeals relating to wage and hour issues. Several of the cases have resulted in published decisions. (Donahoo Decl. ¶¶ 5-10). Plaintiffs' counsel, Juan D. Garcia, is also experienced in litigation (see Declaration of Juan D. Garcia). Plaintiffs' hourly rates, including the rates of associated counsel, are reasonable and reflect ordinary market rates. (Donahoo Decl ¶¶ 11-17).[1]

### III. CONCLUSION

For the foregoing reasons, the Court should set the amount of plaintiffs' attorneys fees' to be paid pursuant to the settlement agreement as $198,553.93 in attorneys' fees and $9,014.37 in costs to Donahoo and Associates, and $33,735 in attorneys fees to Garcia & Phan.

Dated: August 5, 2008

Respectfully Submitted:

**DONAHOO & ASSOCIATES**
**GARCIA & PHAN**

By: _____
Richard E. Donahoo, SBN 186957
Thomas J. Welch, SBN 242065
**DONAHOO & ASSOCIATES**
440 W. First St., Suite 101
Santa Ana, California 92705
Counsel for Plaintiffs

---

[1] Should defendant contest the reasonableness of the hours undertaken by plaintiffs' counsel, or the reasonableness of plaintiffs' counsel's hourly rates, the Court should request that defendant disclose, *in camera*, the billings from defense counsel. The billings of defense counsel may assist the Court in determining the "market rate" for attorneys litigating in this matter and the reasonableness of the hours incurred. In considering whether the Court should order defendant to disclose its hours, rates or total amounts billed, the Court is directed to the Settlement Agreement. (See Settlement Agreement § 1.f ).